

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 7569 | DATE | 12/15/2003 |
| CASE TITLE | MARIO FELIBERTY vs. UNUMPROVIDENT CORP., et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] Defendants' motion to dismiss for lack of subject matter jurisdiction [10-1] is granted. This case is dismissed without prejudice. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

*Suzanne B. Conlon*

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 16 2003 date docketed | 14 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | 12/15/2003 date mailed notice | |
| | Copy to judge/magistrate judge. | 03 DEC 15 AM 4:15 | | |
| | CB courtroom deputy's initials | Date/time received in central Clerk's Office | PW mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIO FELIBERTY, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | No. 03 C 7569 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| UNUMPROVIDENT CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
DEC 1 6 2003

## MEMORANDUM OPINION AND ORDER

Dr. Mario Feliberty brings this declaratory judgment action against Unumprovident Corporation, First Unum Life Insurance Company, The Continental Insurance Company, and Commercial Insurance Company of Newark, New Jersey (collectively, "defendants") to clarify obligations under three disability insurance policies. Unumprovident administers all three policies. Compl. at ¶¶ 64-65.

## BACKGROUND

According to Dr. Feliberty, defendants have threatened to terminate his insurance coverage in 2005. Rather than waiting until defendants make good on their threat, Dr. Feliberty has taken them to court. He alleges defendants are violating the terms of the insurance policies by classifying his carpal tunnel syndrome as the result of sickness, not an accident. Dr. Feliberty argues the effect of this classification eliminates his eligibility for benefits after he turns 65 in 2005. He seeks a determination the insurance policies require his injury to be treated as the result of an accident, not sickness. Dr. Feliberty also seeks damages under the Illinois Insurance Code, 215 ILCS § 5/155, for

1

defendants' alleged unreasonable and vexatious conduct. 215 ILCS 5/155. Defendants move to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(1) because Dr. Feliberty's claim does not satisfy the amount in controversy requirement of 28 U.S.C. § 1332(a). Defendants also argue Dr. Feliberty filed his claim prematurely because it is not a justiciable case or controversy. The two arguments are interrelated. Whether the value of prospective insurance disbursements are included in the parties' dispute over Dr. Feliberty's eligibility for future benefits depends on whether the disbursements are actually in controversy.

## DISCUSSION

The amount in controversy must exceed $75,000 at the time the claim is filed. 28 U.S.C. § 1332(a); *see St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90, 58 S. Ct. 586 (1938). Dr. Feliberty alleges the value of the dispute exceeds $75,000 in his complaint. However, defendants have challenged this assertion. Therefore, Dr. Feliberty must prove to a reasonable probability the aggregate value of his claims for future insurance payments and violations of the Illinois Insurance Code exceeds $75,000. *See Target Mktg. Publ'g, Inc. v. Advo, Inc.*, 136 F.3d 1139, 1141-42 (7th Cir. 1998); *see also NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 237 (7th Cir. 1995).

First, Dr. Feliberty alleges he is entitled to $25,000 in statutory damages for defendants' violations of the Illinois Insurance Code, 215 ILCS § 5/155. *See* Compl. at ¶ 64. Under this provision, an insured may seek damages up to $25,000 if his claim was settled with unreasonable delay, and up to $1 million in punitive damages if the delay was vexatious. *See* 215 ILCS § 5/155; *see also Smith v. Am. Gen. Life & Accident Ins. Co., Inc.*, 337 F.3d 888, 892-93 (7th Cir. 2003). Defendants contend Dr. Feliberty's argument is frivolous because he conceded his insurance

2

payments are current. *See Smith,* 337 F.3d at 892-93 (discussing elements of claim under § 5/155). Dr. Feliberty has failed to respond to this argument. However, it is inappropriate to inquire into the complaint's merits at the jurisdictional stage beyond determining whether Dr. Feliberty's claims are wholly insubstantial or frivolous, or brought solely for obtaining the jurisdictional amount. *See Bell v. Hood,* 327 U.S. 678, 682-83, 66 S. Ct. 773 (1946). Other allegations in the complaint suggest Dr. Feliberty brought this claim in good faith. *See, e.g.,* Compl. at ¶ 64. For purposes of this motion, the court includes $25,000 in statutory damages counts in calculating the amount in controversy requirement of § 1332(a).

Defendants argue Dr. Feliberty's claim does not satisfy the amount in controversy requirement because the value of future payments is speculative and may not be added to the $25,000 in statutory damages to establish federal jurisdiction. Dr. Feliberty believes the value of his claim exceeds $75,000 because a declaration his disability is the result of an accidental injury would entitle him to future insurance payments worth in excess of $800,000. *See* Compl., Ex. I (reflecting about $4,100 per month). This figure assumes Dr. Feliberty lives to the age of 83 – another 20 years. Pl's Opp'n, Ex. C (life expectancy table). Hence, whether the jurisdictional amount is met depends on whether the value of future payments were in controversy when Dr. Feliberty filed his suit.

In a contract dispute, the general rule is the amount in controversy is measured by the value of the contractual right that is the subject matter of the suit. *See* Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure,* § 3702 p. 77 (3d ed. 1998). When a party seeks benefits under an insurance policy, the value of the contractual right is the amount recoverable at the time the action is commenced. *See Hawkins v. AID Ass'n for Lutherans,* 338 F.3d 801, 806 (7th Cir. 2003) (repudiation of arbitration clause questioned validity of contract because

3

it sought rescission), citing *Keck v. Fid. & Cas. Co. of N.Y.*, 359 F.2d 840, 841-42 (7th Cir. 1966); *see also Intercon Research Assoc., LTD., v. Topcon Corp.*, No. 95 C 419, 1995 WL 535104 at * 2-4 (N.D.Ill. Sept. 1, 1995). The value of future payments may be counted only when "the validity of the insurance policy itself, and not merely the presence or absence of conditions measuring the insurer's liability thereunder, is a matter in dispute." *Keck*, 359 F.2d at 841-42.

Dr. Feliberty contends the value of future payments are recoverable because defendants' stated intention to terminate insurance payments in 2005 constitutes an anticipatory breach of the contract. Anticipatory breach is actionable only when the repudiating party unequivocally and without justification renounces its duty to perform the contract. *See In re Marriage of Olsen*, 124 Ill.2d 19, 24-25, 528 N.E.2d 684, 686-87 (1988), citing 4 A. Corbin, Contracts § 973, at 911-12 (1951); *see also C.L. Maddox, Inc. v. Coalfield Serv.*, 51 F.3d 76, 81-82 (7th 1998) citing, *In re Marriage of Olsen* for Illinois' formulation of anticipatory repudiation. However, there is no anticipatory repudiation when a party makes statements that it will perform in accordance with its interpretation of the contract unless that interpretation is manifestly incorrect or unreasonable. *See id.*; *see also Kinesoft Dev. Corp. v. Softbank Holdings, Inc.*, 139 F. Supp.2d 869, 898-99 (N.D.Ill. 2001). Only additional evidence suggesting a clear intention not to perform in accordance with any other interpretation of the contract makes an anticipatory repudiation claim actionable. *See Draper v. Frontier Ins. Co.*, 638 N.E.2d 1176, 1180-81, 265 Ill.App.3d 739, 745-46 (Ill. App. Ct. 1994), citing *In re Marriage of Olsen*, 124 Ill.2d 19, 24-25, 528 N.E.2d 684, 686-87.

Dr. Feliberty contends defendants' letters stating his coverage will end in 2005 demonstrate a clear rejection of contractual obligations. Compl. at ¶ 63; *See* Pl's Opp'n, Ex. A and Ex. B. These letters declare Dr. Feliberty's insurance payments will end in 2005 because his disability is the result

4

of sickness, not accidental injury. *See id.* These statements alone do not suggest defendants intend to perform only on their own terms. Rather, the letters demonstrate a disagreement over the meaning of the insurance policies' compensation standards, not a clear rejection of the policies' validity. In fact, the letters establish a reasonable basis for defendants' interpretation. Additional allegations in the complaint do not demonstrate to a reasonable probability defendants' position is recalcitrant. Taken together, the letters and allegations in the complaint suggest a dispute over the meaning of a contractual provision, not a wholesale rejection of contractual responsibilities. *See In re Marriage of Olsen*, 124 Ill.2d at 24-25, 528 N.E.2d at 686-87 (Ill. 1988) (explaining a clear manifestation of intention not to perform in accordance with alternative interpretations of the contract is required to show anticipatory breach unless the non-performing party's interpretation of the contract is legally unjustified).

Dr. Feliberty concedes only prospective payments due after he turns 65 are in dispute. Defendants are obligated to pay Dr. Feliberty monthly benefits until he turns 65 or dies, whichever comes first. In *Keck*, the court concluded future benefits could not be included in the jurisdictional amount because the damages were speculative, and the plaintiff's changing health condition meant damages were not assured. *See* 359 F.2d at 842; *see also Intercon Research Assoc.*, 1995 WL 535104 at * 2-4 (explaining uncertainty of damage award would preclude jurisdiction). Dr. Feliberty's dilemma is similar. At the time he commenced this lawsuit, his ability to receive benefits in 2005 was indeterminate. *See Intercon Research Assoc.*, 1995 WL 535104 at *2. Absent defendants' repudiation of the agreement or some other assurance Dr. Feliberty is entitled damages, the future payments he seeks cannot be used to reach the jurisdictional minimum. *See Keck*, 359 F.2d at 841 (payments depending on whether plaintiff would still be eligible for payment after 200

5

weeks was speculative and could not be used to establish claim exceeded minimum requirements); *see also N.Y. Life Ins. Co. v. Viglas*, 297 U.S. 672, 677-79, 56 S. Ct. 615, 618 (1936) (pre-*Erie* case determining future payments are generally unrecoverable at the commencement of suit when contract has not been repudiated). Put another way, because the complaint shows the dispute centers on defendants' claim that he failed to satisfy conditions of coverage, rather than the validity of the underlying insurance policy, alleged future benefits payable under the policy may not be used to establish the sum in controversy exceeds $75,000 for purposes of federal diversity jurisdiction. *See Keck*, 359 F.2d at 841; *Intercon Research Associates*, 1995 WL 535104 at * 4; *see generally Aetna Cas. & Sur. Co. v. Flowers*, 330 U.S. 464, 469 (1947) (future payments from an insurance policy may be added to meet the jurisdictional minimum when the action concerns the insured's right to any payment under the contract, but not when the action merely concerns eligibility for future payments).

## CONCLUSION

Dr. Feliberty has not established to a reasonable certainty the value of the determination he seeks exceeds $75,000. Accordingly, the suit must be dismissed for lack of subject matter jurisdiction.

December 15, 2003

ENTER:

*[signature]*

Suzanne B. Conlon
United States District Judge